UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TETON HOMES EUROPE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:10-CV-33 |
| | ) |
| FORKS RV a/k/a CONTINENTAL COACH, | ) |
| DARYLE BONTRAGER, and | ) |
| HOWARD STUTZMAN, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff filed this case in this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 1.) The Complaint alleges that Defendant Forks RV is incorporated in Indiana and is "a domestic company conducting business in . . . Middlebury, Indiana." (Compl. ¶ 2.) Plaintiff also alleges that Defendant Bontrager is believed to be domiciled in Middlebury, Indiana and Defendant Stutzman is believed to be domiciled in Shipshewana, Indiana. (Compl. ¶ 7.) Plaintiff's jurisdictional allegations, however, inadequately set forth the Defendants' citizenship.

Corporations "are deemed to be citizens of the state in which they are incorporated *and* of the state in which they have their principal place of business." *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990) (emphasis added); *see* 28 U.S.C. § 1332(c)(1). Plaintiff has indicated that Defendant Forks RV is incorporated in Indiana, but has only alleged that Forks RV conducts business in Middlebury, Indiana. (Compl. ¶ 2.) The Plaintiff must therefore amend its complaint to specifically allege the principal place of business of Defendant Forks RV.

The Plaintiff also alleges that Defendants Bontrager and Stutzman are believed to be

domiciled in Indiana. (Compl. ¶ 7.) While the Plaintiff is correct that for purposes of diversity jurisdiction, the citizenship of natural persons "is determined by one's domicile," *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("In federal law citizenship means domicile, not residence."), allegations of federal subject matter jurisdiction "may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (citing *Am.'s Best Inns*, 980 F.2d at 1074). *See also Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World*, LLC, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003). The Plaintiff must therefore also amend its complaint to plead the citizenship of Defendants Bontrager and Stutzman on personal knowledge.[1]

Therefore, the Plaintiff is ORDERED to file an Amended Complaint forthwith, properly alleging the principal place of business of Defendant Forks RV and alleging the citizenship of Defendants Bontrager and Stutzman on personal knowledge.

SO ORDERED.

Enter for February 4, 2010.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

[1] Furthermore, each party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit. *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992); *see Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996).