UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **TETON HOMES EUROPE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 1:10-CV-33 |
| | ) |
| **FORKS RV a/k/a Continental Coach,** | ) |
| **DARYLE BONTRAGER, and** | ) |
| **HOWARD STUTZMAN,** | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on the Defendants' Motion to Compel. (Docket # 34.) The Defendants seek to compel non-party Beebe Systems, LLC ("Beebe Systems")[1] to comply with a Subpoena Duces Tecum and a Request for Production of Documents (collectively, the "Subpoena"). In response, Beebe Systems advances a summary argument that the materials sought are irrelevant and are covered by the attorney-client privilege. Beebe Systems has also filed a Motion to Quash the Subpoena and for a Protective Order. (Docket ## 38, 40.)[2] For the following reasons, the Defendants' Motion to Compel is GRANTED, and Beebe Systems' Motions are both DENIED.

### A. Factual and Procedural History

Teton Homes Europe ("Teton") designs and sells recreational vehicles in the United Kingdom. In August 2008, Teton approached Forks RV about the possibility of Teton distributing Forks RV's products in the United Kingdom. In September 2008,

---

[1] Beebe Systems is a limited liability company organized under the laws of Michigan with Amber Beebe—the counsel for the plaintiff—as its sole member.

[2] Docket # 38 is Beebe Systems's original motion, and Docket # 40 is an amended motion. The two are apparently identical except for attorney Amber Beebe's digital signature is affixed to the amended motion.

1

Teton paid Forks a $50,000 deposit to apply towards the construction of four units. (Compl. ¶¶ 32, 33.) Forks then allegedly used the deposit to pay for the construction of units it sold to a third-party. (Compl. ¶ 34.)

On February 1, 2010, Teton filed suit, advancing claims for conversion, fraud, unjust enrichment, and, in the alternative, breach of contract. (Docket # 1.) Teton filed an Amended Complaint on February 26, 2010, in response to the Court's Order to properly state the citizenship of the parties and establish the Court's subject matter jurisdiction under 28 U.S.C. § 1332(a). (Docket ## 6, 10, 11.) The Defendants answered the Amended Complaint on March 12, 2010, specifically denying that Teton's damages exceed $75,000 and alleging that the Court lacks subject matter jurisdiction. (Answer ¶ 2.)

On April 13, 2010, the Court held a Rule 16 Preliminary Pretrial Conference. (Docket # 23.) The Court questioned Teton's counsel, Amber Beebe, about the amount in controversy, who represented that Teton's damages include monies it paid to Beebe Systems for the drafting of the distribution agreement and other expenses. Following the Rule 16 Conference, the Defendants served Beebe Systems with the present Subpoena, which essentially seeks all contracts and communications between Teton and its executives and Beebe Systems. More specifically, the Subpoena requests "any and all documents evidencing charges incurred by Teton Homes Europe for services rendered by Beebe Systems, LLC, including, but not limited to bills, invoices, [or] statements." (*See* Docket # 34-2.)

On May 10, 2010, Teton filed an objection to the Subpoena, summarily claiming that it is "irrelevant to the subject matter of the case and . . . irrelevant to specific

2

occurrences in dispute." (Docket # 30.)³ The Defendants then filed the instant Motion to Compel on July 27, 2010 (Docket # 34), and Beebe Systems later countered with a Motion to Quash and for a Protective Order on August 13, 2010. (Docket ## 38, 40.)

**B. Discussion**

In resisting the Subpoena, Beebe Systems broadly claims that the material sought is irrelevant. Beebe Systems also claims that all the documents sought by the Subpoena are protected by the attorney-client privilege. Both arguments are ultimately unpersuasive.

1. *Beebe Systems's Claim That the Subpoena Seeks Irrelevant Materials*

Beebe Systems first objects to the Subpoena because it allegedly seeks irrelevant information. The scope of material that is obtainable through a Federal Rule of Civil Procedure 45 subpoena is as broad as that which is otherwise permitted under the discovery rules. *Graham v. Casey's Gen. Stores*, 206 F.R.D. 251, 253-254 (S.D. Ind. 2002). Federal Rule of Civil Procedure 26(b)(1) permits discovery into "any non-privileged matter that is relevant to any party's claim or defense . . . ." Relevant information need not be admissible at trial so long as the discovery "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

For the purpose of discovery, relevancy will be construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Chavez v. Daimler Chrysler*, 206 F.R.D. 615,

---

³ Although Teton originally objected to the Subpoena itself, *see Chaikin v. Fid. & Guar. Life Ins. Co*., No. 02 c 6596, 2003 WL 22715826, at *1 (N.D. Ill. Nov. 17, 2003) ("A party has standing to object to a subpoena directed at a nonparty when the party claims a 'personal right or privilege' regarding the documents sought."), Beebe Systems has been added to the case as a non-party and has responded to the Motion to Compel. However, counsel for Beebe Systems has yet to formally enter an appearance. Because Beebe Systems is a limited liability company and cannot represent itself, an attorney must enter an appearance on its behalf forthwith.

619 (S.D. Ind. 2002) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). "When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Chavez*, 206 F.R.D. at 619. To meet this burden, the resisting party must "specifically detail the reasons why each [request] is irrelevant . . . ." *Schaap v. Exec. Indus., Inc*., 130 F.R.D. 384, 387 (N.D. Ill. 1990). "Objections that [discovery requests] are 'overly broad, burdensome, oppressive and irrelevant' are too general to warrant a protective order." *Wauchop v. Domino's Pizza, Inc*., 138 F.R.D. 539, 544 (N.D. Ind. 1991) (quoting *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482 (5th Cir. 1990); *Josephs v. Harris Corp*., 677 F.2d 985, 991-992 (3rd Cir. 1982)).

In its Objection and Response to the Motion to Compel, Beebe Systems simply claims that the material sought by the Subpoena is "irrelevant". Standing alone, a blanket claim that subpoenaed information is irrelevant is insufficient to prevent its disclosure. *See Schaap*, 130 F.R.D. at 387; *Wauchop*, 138 F.R.D. at 544. On the record currently before the Court, therefore, Beebe Systems has not met its burden of demonstrating that the Subpoena seeks irrelevant information and it cannot resist disclosure of the information on this basis.[4]

---

[4] Indeed, a review of the pleadings and the transcript of the Rule 16 Conference suggests that the information sought by the Subpoena is indeed relevant to establishing the monies paid by Teton to Beebe Systems and, in turn, the required $75,000 amount in controversy needed to invoke this Court's subject matter jurisdiction.

2. *Beebe Systems's Claim of Attorney-Client Privilege*

Beebe Systems's attempt to seek refuge in the attorney-client privilege also fails. As a general rule, "[t]he attorney-client privilege protects communications made in confidence by a client to his attorney in the attorney's professional capacity for the purpose of obtaining legal advice." *Jenkins v. Bartlett*, 487 F.3d 482, 490 (7th Cir. 2007). However, "[a] person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must . . . describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(d)(2)(A)(ii).

The privilege log envisioned by Rule 45(d)(2) corresponds to the requirements of Rule 26(b)(5). *See* Fed. R. Civ. P. 45, Notes of Advisory Committee on Rules, 1991 Amendments. "Rule 45(d)(2)(A)'s requirement of a privilege log is mandatory" and "non-parties under Rule 45 have a choice: they can either prepare a privilege log or waive any claim of privilege." *Mosley v. City of Chicago*, 252 F.R.D. 445, 449 (N.D. Ill. 2008). *See also Hobley v. Burge*, 433 F.3d 946, 947 (7th Cir. 2006) ("An attorney asserting privilege must timely support that claim with a 'privilege log' which describes the nature of each document being withheld."); *Cmty. Bank v. Progressive Cas. Ins. Co.*, No. 1:08-cv-1443, 2010 WL 1435368, at *4 (S.D. Ind. Apr. 8, 2010) (noting Rule 45(d)(2)(A)'s specific requirement of a privilege log).

In its Response, Beebe Systems ignores the clear language of Rule 45 and bizarrely argues that "Rule 45(d)(2) does not require a 'privilege log' and such a thing does not exist within the Rules." (Resp. 3.) Beebe Systems's position is, quite simply,

without any basis in fact or law. Rule 45(d)(2) clearly requires a party withholding information under a claim of privilege to describe the withheld documents—that is, to create a privilege log. *See Mosley*, 252 F.R.D. at 449; *Community Bank*, 2010 WL 1435368, at *4. Without producing a privilege log, Beebe Systems cannot avail itself of the attorney-client privilege and its attempt to resist the Subpoena on this basis is also unsuccessful.[5]

### C. Conclusion

To summarize, Beebe Systems's blanket claim that the Subpoena seeks irrelevant material is unpersuasive. Similarly, Beebe Systems cannot resist the Subpoena on the basis that it seeks information protected by the attorney-client privilege, without first submitting a privilege log. Accordingly, the Defendants' Motion to Compel (Docket # 34) is GRANTED, and Beebe Systems's Motions to Quash and for a Protective Order (Docket ## 38, 40) are DENIED. Beebe Systems will have until September 24, 2010, to respond to the Defendants' Subpoena.

SO ORDERED.

Enter for September 14, 2010

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

[5] Because Beebe Systems' attempt to claim the attorney-client privilege fails at the outset for lack of a privilege log, the Court need not yet address the Defendants' argument that, as a limited liability company, Beebe Systems is not authorized to offer legal services and cannot even avail itself of the attorney-client privilege.