**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **TETON HOMES EUROPE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO. 1:10-CV-33** |
| | ) | |
| **FORKS RV a/k/a CONTINENTAL COACH,** | ) | |
| **DARYLE BONTRAGER, and** | ) | |
| **HOWARD STUTZMAN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

This matter is before the Court on Non-Party Beebe Systems's Emergency Motion for Leave

to Amend or to Reconsider. (Docket # 59.)  Beebe Systems asks that the Court grant it leave to

amend its previously-denied Motion to Quash (*see* Docket # 54) or, in the alternative, to reconsider

that ruling.  For the following reasons, however, Beebe Systems's Emergency Motion will be

DENIED.

### I. FACTUAL AND PROCEDURAL HISTORY

Teton Homes Europe ("Teton") designs and sells recreational vehicles in the United

Kingdom.  In August 2008, Teton approached Forks RV about the possibility of Teton distributing

Forks RV's products in the United Kingdom.  In September 2008, Teton paid Forks a $50,000

deposit to apply towards the construction of four units. (Compl. ¶¶ 32, 33.)  Forks then allegedly

used the deposit to pay for the construction of units it sold to a third-party. (Compl. ¶ 34.)

On February 1, 2010, Teton filed suit, advancing claims for conversion, fraud, unjust

enrichment, and, in the alternative, breach of contract. (Docket # 1.)  Teton filed an Amended

Complaint on February 26, 2010, in response to the Court's Order to properly state the citizenship of

the parties and establish the Court's subject matter jurisdiction under 28 U.S.C. § 1332(a). (Docket ## 6, 10, 11.)  The Defendants answered the Amended Complaint on March 12, 2010, specifically denying that Teton's damages exceed $75,000 and alleging that the Court lacks subject matter jurisdiction. (Answer ¶ 2.)

On April 13, 2010, the Court held a Rule 16 Preliminary Pretrial Conference. (Docket # 23.) The Court questioned Teton's counsel, Amber Beebe, about the amount in controversy, who represented that Teton's damages include monies it paid to Beebe Systems for the drafting of the distribution agreement and other expenses.  Following the Rule 16 Conference, the Defendants served Beebe Systems with a Subpoena, essentially seeking all contracts and communications between Teton and its executives and Beebe Systems.  More specifically, the Subpoena requested "any and all documents evidencing charges incurred by Teton Homes Europe for services rendered by Beebe Systems, LLC, including, but not limited to bills, invoices, [or] statements." (*See* Docket # 34-2.)

On May 10, 2010, Teton filed an objection to the Subpoena, summarily claiming that it is "irrelevant to the subject matter of the case and . . . irrelevant to specific occurrences in dispute."[1] (Docket # 30.)  The Defendants then filed a Motion to Compel on July 27, 2010 (Docket # 34), and Beebe Systems later countered with a Motion to Quash and for a Protective Order on August 13, 2010. (Docket ## 38, 40.)

On September 14, 2010, the Court granted the Defendants' Motion to Compel and denied Beebe Systems's Motion to Quash. (Docket # 54.)  The Court rejected Beebe Systems's summary argument that the Subpoena sought irrelevant information because it failed to specifically detail the

---

[1]Although Teton originally objected to the Subpoena itself, *see Chaikin v. Fid. & Guar. Life Ins. Co*., No. 02 c 6596, 2003 WL 22715826, at *1 (N.D. Ill. Nov. 17, 2003) ("A party has standing to object to a subpoena directed at a nonparty when the party claims a 'personal right or privilege' regarding the documents sought."), Beebe Systems has since appeared and responded to the Motion to Compel.

reasons why the requests were irrelevant. *See Wauchop v. Domino's Pizza, Inc*., 138 F.R.D. 539, 544 (N.D. Ind. 1991) ("Objections that [discovery requests] are 'overly broad, burdensome, oppressive and irrelevant' are too general to warrant a protective order.") Beebe Systems's claim that the materials sought by the Subpoena are protected by the attorney-client privilege also failed because Beebe Systems did not provide a privilege log and, indeed, argued that it was not even required to produce one.

Beebe Systems then filed the present Emergency Motion for Leave to Amend or to Reconsider on September 17, 2010. (Docket # 59.)  Beebe Systems asks that it be granted leave to amend its Motion to Quash to add new evidence and argument, or, in the alternative, that the Court reconsider its denial of the Motion.

## II. DISCUSSION

A. *Beebe Systems's Request to Amend its Previously Denied Motion*.

Beebe Systems first claims that under Federal Rule of Civil Procedure 15, it must be granted leave to retroactively amend its already-denied Motion to Quash to add a privilege log, "possibly an Affidavit from Beebe Systems, and to address the relevancy of the requests from defendants so that the Court can make an adequate assessment of the claims and defenses posed by the parties." (Mot. to Am. 2.)  More specifically, Beebe Systems claims that Rule 15(a)(1)(A) "allows amendment as a matter of course prior to the movant being served with a Responsive Pleading and [Rule] 15(a)(2) allows the Court to freely give leave to amend when justice so requires." (Mot. to Am. 2.)

Although Beebe Systems correctly paraphrases the substance of Rule 15(a)(1) and (a)(2), it misunderstands the Rules' application.  Rule 15 only applies to *pleadings* and a *motion* to quash is not a pleading.  Rule 15 is therefore wholly inapplicable. *See* Fed. R. Civ. P. 7(a) ("Only these pleadings are allowed: (1) a complaint; (2) an answer to a complaint; (3) an answer to a

3

counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer.")  "No other paper will be considered a pleading except those specifically named in Rule 7(a).  A motion in any form cannot stand as a pleading." 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 7.02[1][b] (3d ed. 2004).  Accordingly, Beebe Systems cannot rely on Rule 15 to retroactively amend its previously denied Motion to Quash.[2]

*B. Beebe Systems's Request that the Court Reconsider its Ruling.*

Alternatively, Beebe Systems asks that the Court reconsider its denial of the Motion to Quash.  A motion for reconsideration performs a valuable, but limited, function: "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996); *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (stating that the problems a motion to reconsider is designed to remedy "rarely arise and the motion to reconsider should be equally rare").

A motion for reconsideration cannot "be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the . . . motion." *Caisse Nationale*, 90 F.3d at 1269-70.  "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Id*.

In its Motion, Beebe Systems does not argue that the Court committed a "manifest error of law" in denying its Motion to Quash, nor does it point to any *newly* discovered evidence in support of its request.  Indeed, Beebe Systems's Motion does not even address the appropriate legal standard or offer argument as to why the Court should reconsider its ruling.  Rather, Beebe Systems simply

---

[2] Furthermore, the Court is not aware of any authority, nor does Beebe Systems offer any, that would allow a party to supplement a motion after it has been denied to add additional evidence and argument.  Rather, the only procedural vehicle to bring an issue back for the Court's consideration is, at least arguably, a Motion to Reconsider.

asks that the Court "reconsider its Order denying the Motion to Quash and allow for its amendment." (Mot. to Am. 2.) In that sense, the Motion is little more than an attempt to revisit the Court's earlier decision granting the Motion to Compel and denying the Motion to Quash. Without a manifest error of law or newly discovered evidence, however, the Court must decline Beebe Systems's invitation to revisit its prior decision in the hopes of reaching a different conclusion. *See Martin v. Fort Wayne Police Dept*., No. 1:09-cv-48, 2009 WL 3199126, at *1 (N.D. Ind. Sept. 29, 2009); *Young v. Martin Enters*, No. 1:08-cv-153, 2009 WL 102444, at *1 (N.D. Ind. Jan. 14, 2009); *Range v. Brubaker*, No. 3:07-cv-480, 2009 WL 102430, at *1 (N.D. Ind. Jan. 13, 2009).

### III. CONCLUSION

To summarize, Beebe Systems cannot rely on Federal Rule of Civil Procedure 15 to retroactively amend its already-denied Motion to Quash, nor has it offered any authority that would permit it to supplement the Motion to Quash with additional argument and evidence. Furthermore, its summary request for the Court to reconsider its denial of the Motion to Quash is equally unpersuasive. Accordingly, Beebe Systems's Emergency Motion to Amend or Reconsider (Docket # 59) is DENIED.

SO ORDERED.

Enter for September 21, 2010

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

5