UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **TETON HOMES EUROPE,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
|     v. ) | CAUSE NO. 1:10-CV-33 |
| ) | |
| **FORKS RV a/k/a CONTINENTAL COACH,** ) | |
| **DARYLE BONTRAGER, and** ) | |
| **HOWARD STUTZMAN,** ) | |
| ) | |
|     **Defendants.** ) | |

## OPINION AND ORDER

This matter is before the Court on the Defendants' Motion to Amend their Answer to add a counterclaim for breach of contract. (Docket # 36.) The Plaintiff argues that the Motion is untimely and that the Defendants have not shown good cause under Federal Rule of Civil Procedure 16(b)(4) and this Court's Local Rule 16.1(f) to allow a late amended answer. For the following reasons, however, the Defendants' Motion will be GRANTED.

### I. FACTUAL AND PROCEDURAL HISTORY

Teton Homes Europe ("Teton") designs and sells recreational vehicles in the United Kingdom. In August 2008, Teton approached Forks RV about the possibility of Teton distributing Forks RV's products in the United Kingdom. In September 2008, Teton paid Forks a $50,000 deposit to apply towards the construction of four units. (Compl. ¶¶ 32, 33.) Forks then allegedly used the deposit to pay for the construction of units it sold to a third-party. (Compl. ¶ 34.)

On February 1, 2010, Teton filed suit, advancing claims for conversion, fraud, unjust enrichment, and, in the alternative, breach of contract. (Docket # 1.) Teton filed an Amended Complaint on February 26, 2010, in response to the Court's Order to properly state the citizenship of

the parties and establish the Court's subject matter jurisdiction (Docket ## 6, 10, 11), and the Defendants answered the Amended Complaint on March 12, 2010. (Answer ¶ 2.) On April 13, 2010, the Court held a Rule 16 Preliminary Pretrial Conference, after which it adopted the Report of the Parties' Rule 26(f) Planning Meeting as an Order of the Court. (Docket ## 22, 23.) The Rule 26(f) Report provides that: "The last day for the parties to amend the pleadings without leave of the court is July 31, 2010. Thereafter, any amendment to the pleadings must be by motion and leave of court." (Docket # 22, p. 3.)

On August 2, 2010, the Defendants filed the present Motion to amend their Answer and add a counterclaim against the Plaintiff for breach of contract. They argue that because July 31, 2010, fell on a Saturday, Federal Rule of Civil Procedure 6(a)(3)(A) extends the deadline to amend without leave to August 2, 2010. (Mot. to Am. ¶ 5.) *See* Fed. R. Civ. P. 6(a)(3)(A) ("[I]f the clerk's office is inaccessible . . . then the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday.").[1] Alternatively, the Defendants argued that even if their Motion was filed beyond the deadline to amend without leave of Court, Rule 15(a)(2) provides that the Court should freely grant them leave to amend their Answer. (Mot. to Am. ¶ 9.)

The Plaintiff countered that the July 31, 2010, deadline to amend without leave was not extended and that the Defendants' Motion is untimely. (Pl.'s Resp. ¶¶ 5, 6.) Therefore, the Plaintiff argues, the Defendants must show good cause under Rule 16 to alter the Court's Scheduling Order and amend their Answer—a standard the Plaintiff rather summarily argues the Defendants have not met. (Pl.'s Resp. ¶ 9.)

---

[1] In their Reply Brief, the Defendants also argued that Federal Rules of Civil Procedure 5(b)(2)(E) and 6(d) and this Court's Local Rule 7.1(a) extend the deadline to September 3, 2010. (Reply Br. ¶ 4.)

On September 15, 2010 , the Court ordered the parties to file supplemental briefs to address the timeliness of the Defendants' Motion and the applicable standard under which it must be evaluated. (*See* Docket # 56.)  In their Supplemental Brief, the Defendants recognized that Rule 6(a)(3)(A) does not extend the July 31, 2010, deadline to amend without leave of Court, and that their Motion fell beyond the deadline. (Defs.' Supp. Br. 3-4.)  Nevertheless, they again argued that because the Scheduling Order does not set a specific deadline to amend *with* leave of Court, their Motion should be governed by Rule 15 and not Rule 16.  The Defendants claim that because leave to amend should be freely given and there is no undue delay, prejudice, or futility, they should be permitted to amend their Answer and add a counterclaim. (Defs.' Supp. Br. 4-7.)  In its Supplemental Brief, the Plaintiff repeated its argument that the Motion should be denied because it is untimely and the Defendants have failed to show good cause under Rule 16 to amend the Court's Scheduling Order. (Pl.'s Supp. Br. 2-4.)

## II. STANDARD OF REVIEW

A party may amend its pleading once as a matter of course at any time before a responsive pleading is served; otherwise, it may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a).  Leave to amend is freely given when justice so requires. *Id*. However, this right is not absolute, *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002), and can be denied for undue delay, prejudice, or futility. *Ind. Funeral Dir. Ins. Trust v. Trustmark Ins. Corp*., 347 F.3d 652, 655 (7th Cir. 2003).

Moreover, the requirements of Rule 15 must be read in conjunction with the requirements of Rule 16, because "[o]nce the district court [has] filed a pretrial scheduling order pursuant to [Rule] 16 which establish[es] a time table for amending pleadings that rule's standards [control]." *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 607-08 (9th Cir. 1992); *Kortum v. Raffles Holdings,*

3

*Ltd.*, No. 01 C 9236, 2002 WL 31455994, at *3 (N.D. Ill. Oct. 30, 2002); *Tschantz v. McCann*, 160 F.R.D. 568, 570-71 (N.D. Ind. 1995).

Thus, a party seeking to amend a pleading after the final date specified in a scheduling order must first show "good cause" for the amendment under Rule 16(b); then, if good cause is shown, the party must demonstrate that the amendment is proper under Rule 15. *Tschantz*, 160 F.R.D. at 571. "A court's evaluation of good cause is not co-extensive with an inquiry into the propriety of the amendment under . . . Rule 15." *Id.* (quoting *Johnson*, 975 F.2d at 609). Rather, the good cause standard focuses on the diligence of the party seeking the amendment. *Id.* In other words, to demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met. *Id*.

### III. DISCUSSION

The Defendants will be granted leave to amend their Answer and add a counterclaim. Although they now concede that their Motion came after the July 31, 2010, deadline to amend without leave of court, they are otherwise correct that their Motion is governed by Rule 15(a)(2)'s liberal standard and not Rule 16(b)(4)'s good cause standard. Because leave to amend should be given freely and the Plaintiff has not demonstrated any undue delay, prejudice, or futility, the Defendants will be allowed to amend their Answer.

To explain, the Report of the Parties' Planning Meeting, which became an Order of the Court on April 13, 2010 (Docket #23), provides that: "The last day for the parties to amend the pleadings without leave of the court is July 31, 2010. Thereafter, any amendment to the pleadings must be by motion and leave of court." (Docket # 22, p. 3.) Essentially, the agreed-upon schedule extends the period under Rule 15(a)(1) during which the parties may amend their pleadings *without* leave of Court to July 31, 2010. The Scheduling Order does not set an additional deadline for amending *with*

leave of Court. Therefore, any amendments made after July 31, 2010, must simply be made by motion and with leave of Court—no alteration of the Court's Scheduling Order is necessary. In other words, any amendment after July 31, 2010, is governed by Rule 15(a)(2), which provides that leave should be freely given when justice so requires, and not by Rule 16(b)(4)'s strict good cause standard. *See Elite Enters., Inc. v. ASC, Inc.*, No. 1:04-CV-94, 2005 WL 3050279, at *3 (N.D. Ind. Nov. 15, 2005) (When a party files "its motion within the time frame allowed under the schedule, it has no duty to show 'good cause' to be successful on the motion.").

The Defendants' Motion easily satisfies Rule 15(a)(2)'s liberal standard. There is no evidence of undue delay—indeed, the Motion comes only three days into the period to amend with leave of Court. The parties are still conducting discovery and no dispositive motions have been filed. *Cf. Bethany Pharms. Co. v. QVC, Inc.*, 241 F.3d 854, 861-62 (7th Cir. 2001) (finding undue delay where discovery period expired and motion for summary judgment already pending). The Defendants' Motion cannot therefore be denied on the grounds of undue delay.

Additionally, the Plaintiff has not pointed to any specific prejudice that will result if the amendment is allowed. *See Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004) (rejecting conclusory allegation of prejudice based only on the passage of time). The Defendants are not seeking to introduce new claims that would require substantially more discovery or bring several new parties into this lawsuit. *See Johnson v. Methodist Med. Ctr. of Ill.*, 10 F.3d 1300, 1304 (7th Cir. 1993) (denying amendment that would require extensive new discovery). Rather, the Defendants are seeking to add a compulsory counterclaim, which, needless to say, involves the same set of events that gave rise to the original lawsuit. The Plaintiff's claim of prejudice is therefore unpersuasive.

Finally, it is not futile for the Defendants to amend their Answer and add a counterclaim. The counterclaim is for breach of contract and could easily survive a Rule 12(b)(6) motion to

dismiss.  *See Range v. Brubaker*, No. 3:07-cv-480, 2009 WL 3257627, at *3 (N.D. Ind. Sep. 30, 2009) ("Futility generally is measured by whether the amendment would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)."). The Plaintiff advances a confusing argument that the counterclaim is futile because it was not pled in the Defendants' original Answer and would therefore be subject to a motion to strike. (Pl.'s Supp. Br. 4-5.)  The Plaintiff is apparently arguing that because the counterclaim is compulsory, it must have been exclusively pled in the original Answer and the Defendants are barred from ever amending their pleading to advance the counterclaim. This argument is simply incorrect. If a party omits a compulsory counterclaim from its answer, it may petition the Court for leave to amend its answer—just as the Defendants have done here. *See* Fed. R. Civ. P. 13 Advisory Committee's Note (2009) ("An amendment to add a counterclaim will be governed by Rule 15."). Accordingly, the Plaintiff's claim that the amendment is futile is also unpersuasive and the Defendants will be granted leave to amend their Answer and add a counterclaim.

### III. CONCLUSION

To summarize, the Defendants' Motion to Amend their Answer (Docket # 36) is GRANTED. The Defendants are granted leave to add their counterclaim and the Clerk is DIRECTED to show the Amended Answer and Counterclaim (Docket # 36-1) filed. The Plaintiff is given to and including October 29, 2010, to answer the counterclaim. The Court, on its own motion, also sets December 1, 2010, as the final date for *all* further amendments of the pleadings.

SO ORDERED.

Enter for October 8, 2010

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge