UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| TETON HOMES EUROPE, | ) |
| :--- | :--- |
| Plaintiff, | ) |
| v. | ) CAUSE NO. 1:10-CV-33 |
| FORKS RV, et al., | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is Plaintiff's Motion to Compel Discovery and for Discovery Extension (Docket # 57, 58), requesting that the Court compel Defendants to fully respond to certain interrogatories and requests for production and grant a 45-day extension to the deadline for the completion of all discovery. Because Plaintiff failed to comply with Local Rule 37.1(b), and does not show good cause for the requested extension, the Motion will be DENIED.

*A. Procedural Background*

The Court conducted a scheduling conference with the parties on April 13, 2010, establishing a discovery deadline of November 30, 2010. (Docket # 23.) Plaintiff then served certain interrogatories and requests for production upon Defendants on June 1, 2010. (Mot. to Compel ¶ 1, Ex. 1.) Defendants' responses were due July 2, 2010, but Plaintiff agreed to extend the due date to August 2, 2010. (Mot. to Compel ¶¶ 2, 3.)

On August 20, 2010, Plaintiff's counsel sent an email to Defendants' counsel, informing him that the responses were overdue. (Mot. to Compel ¶ 4, Ex. 2.) Defendants did not respond to Plaintiff's email, and on September 15, 2010, Plaintiff filed the instant Motion. (Mot. to Compel ¶ 5.)

On September 24, 2010, Defendants served Plaintiff with the outstanding discovery responses. (Defs.' Resp. ¶ 4.) Plaintiff contends, however, that the responses are "incomplete" and "full of objections that will require action by the [P]laintiff." (Reply ¶ 4.)

*B. Discussion*

Local Rule 37.1(b) requires that for every motion concerning discovery, "the motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party in an effort to resolve the matter without court action. The certification shall also state the date, time, and place of the conference or attempted conference and the names of all persons participating therein." The certification is to be made in a separate document and filed contemporaneously with the motion. N.D. Ind. L.R. 37.1(c).

"A good faith effort to resolve a discovery dispute requires that counsel converse, confer, compare views, consult and deliberate." *Imbody v. C & R. Plating Corp.*, No. 1:08-cv-218, 2010 WL 3184392, at *1 (N.D. Ind. Aug. 10, 2010) (citation and internal quotation marks omitted); *Ellis v. CCA of Tenn., LLC*, No. 1:08-cv-0254-SEB-JMS, 2009 WL 234514, at *2 (S.D. Ind. Feb. 2, 2009) (citation omitted). "The requirement to meet and confer must be taken seriously, because 'before the court can rule on a motion, the parties must demonstrate they acted in good faith to resolve the issue among themselves.'" *Imbody*, 2010 WL 3184392, at *1 (quoting *Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006)).

Here, it is immediately apparent that Plaintiff's certification is inadequate. First, the certification is contained in Plaintiff's motion rather than "in a separate document filed contemporaneously with the motion" as required by Local Rule 37.1. Furthermore, the certification does not recite, as Local Rule 37.1 requires, the date, time, and place of the supposed conference. Instead, the supporting materials show that Plaintiff's counsel merely sent one email to Defendants'

counsel on August 20, 2010. (Mot. to Compel Ex. 2.)

A single e-mail sent to counsel, however, falls utterly short of a good faith attempt at a conference. *See Forest River Hous., Inc. v. Patriot Homes, Inc*., No. 3:06-cv-841 AS, 2007 WL 1376289, at *2 (N.D. Ind. May 7, 2007) ("[T]wo emails . . . do not constitute meaningful discussion or serious negotiations to resolve the disputed discovery issue."); *In re FedEx Ground Package Sys., Inc.*, No. 3:05-MD-527 FM (MDL-1700), 2007 WL 79312, at *7 (N.D. Ind. Jan. 5, 2007) ("[A] single email sent by the Plaintiffs does not constitute an engagement in a conference to resolve the discovery dispute."); *Hoelzel v. First Select Corp.*, 214 F.R.D. 634 (D.C. Colo. 2003) (concluding that a single email did not satisfy the meet and confer requirement); *see generally Imbody*, 2010 WL 3184392, at *1 (concluding that several letters exchanged between counsel was not a good faith conference); *Shoppell v. Schrader*, No. 1:08-cv-284, 2009 WL 2515817, at *1-2 (N.D. Ind. Aug. 13, 2009) (finding that a telephone call and a letter was not a good faith conference); *Pinkham v. Gen. Prods. Corp*., No. 1:07-cv-174, 2007 WL 4285376, at *1 (N.D. Ind. Dec. 3, 2007) (concluding that an exchange of five letters was not a good faith conference).

Furthermore, here the email sent by Plaintiff's counsel merely consists of one sentence stating that the discovery responses were overdue. *See In re FedEx*, 2007 WL 79312, at *7 (An email exchange merely "recit[ing] each parties' general stance on the issue rather than any type of bartering or negotiations . . . does not represent meaningful dialogue or show an attempt at a such dialogue to satisfy Fed. R. Civ. P. 37(a)"). To reiterate, "[t]he requirement to meet-and-confer must be taken seriously, because before the court can rule on a motion, the parties must demonstrate they acted in good faith to resolve the issue among themselves." *Garcia v. Aartman Transp. Corp*., No. 4:08-cv-77, 2010 WL 2427571, at *4 (N.D. Ind. June 4, 2010) (citation and internal quotation marks omitted). "The parties are reminded that discovery is supposed to be a cooperative endeavor,

requiring minimal judicial intervention." *C.A. v. Amli at Riverbend LP*, No. 1:06-cv-1736-SEB-JMS, 2008 WL 1995451, at *2 (S.D. Ind. May 7, 2008) (citing *Airtex Corp. v. Shelley Radiant Ceiling Co.*, 536 F.2d 145, 155 (7th Cir. 1976)). Consequently, the Plaintiff's Motion to Compel will be denied for failing to comply with Local Rule 37.1.

Plaintiff's request for an extension to the discovery period fares no better, as Plaintiff fails to show "good cause" why it cannot complete discovery by November 30, 2010. *See* Fed. R. Civ. P. 16(b); *Smith v. Howe Military Sch.*, No. 3:96-CV-790RM, 1997 WL 662506, at *1 (N.D. Ind. Oct. 20, 1997) ("Continuances or extensions of time with respect to the deadlines for amendments, discovery, and dispositive motions will be granted only upon a convincing showing of good cause . . . ."); *see generally U.S. v. 1948 S. Martin Luther King Drive*, 270 F.3d 1102, 1110 (7th Cir. 2001) ("Courts have a legitimate interest in ensuring that parties abide by scheduling orders to ensure prompt and orderly litigation."). Plaintiff voluntarily afforded Defendants a one-month extension, then did not attempt to confer in good faith to resolve the dispute, and waited yet another month to file a motion to compel. Moreover, more than six weeks still exist in the discovery period. As a result, Plaintiff has failed to establish that despite its diligence, the time table could not reasonably be met. *See Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995); *Smith*, 1997 WL 662506 at *1. Therefore, Plaintiff's request for an extension to the discovery period will also be denied.

## C. Conclusion

For the foregoing reasons, Plaintiff's Motion to Compel Discovery and for Discovery Extension (Docket # 57, 58) is DENIED. The motion can be renewed, if necessary, after counsel

conduct a conference, or Plaintiff shows that a conference was attempted. *See Shoppell,* 2009 WL 2515817, at *2.

    SO ORDERED.

    Enter for October 12, 2010.

                                                              S/Roger B. Cosbey
                                                              Roger B. Cosbey
                                                              United States Magistrate Judge